ELLIS & PALMER, plaintiffs in error, *vs.* JAMES A. JONES & COMPANY, defendants in error. ·

1. In refusing the injunction prayed for, the judge acted within the scope of his legal discretion and did not abuse it.

2. A contract not to carry on a certain trade within the limits of a certain town, if clearly made out, will be enforced. (R.)

Injunction. Contracts. Before Judge WRIGHT. Mitchell County. At Chambers, January 31, 1876.

Ellis & Palmer filed their bill against Jones & Company, in which they alleged that they had purchased the defendants' stock of merchandise, consisting of dry goods, groceries, etc., their store-house containing the same, their custom, good will and right to do business in the town of Camilla, in the county of Mitchell, for the sum of $7,500 00; that said defendant, in violation of said contract, had recommenced the same business within twenty-four feet of their old stand, and if allowed to proceed would greatly damage complainants. They prayed the writ of injunction.

The defendants answered, denying in the most positive terms the contract set forth in the bill. Numerous and conflicting affidavits were read in support of the bill and answer respectively.

The chancellor refused the injunction and complainants excepted.

JAMES H. SPENCE, for plaintiffs in error.

DAVIS & LYON, for defendants.

BLECKLEY, Judge.

The judge below, on the bill, answer and affidavits, refused the injunction prayed for. In so doing he exercised the discretion with which he is invested by law, and we do not perceive that he abused it. The case was rather vague, and the judge might have well supposed that there was not that full degree of certainty in the facts which would demand his interposition by the remedy of injunction. If he had .ruled the other way, we should not have reversed him, nor shall we reverse what he did rule. It does not appear that he held the contract alleged in the bill to be invalid because in restraint of trade. We think such a contract can be enforced, if satisfactorily made out by evidence: 10 *Georgia Reports*, 503.

In reference to the fraud in pricing the goods, there seems to be no necessity for injunction on that account, as the defendants are not insolvent.

Judgment affirmed.